UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,        Case No. 21-cr-20272

v.                               Judith E. Levy
                               United States District Judge
Gloria Bush,

                               Mag. Judge Kimberly G. Altman
         Defendant.

_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS [57] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [54]**

Defendant Gloria Bush filed two objections (ECF No. 57) to Magistrate Judge Kimberly G. Altman's Report and Recommendation ("R&R") (ECF No. 54) recommending that the Court deny Defendant's motion to suppress. (ECF No. 34.)

Magistrate Judge Altman issued the R&R on March 20, 2023. The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The parties stipulated to a ten-day extension of the objections deadline (*see* ECF No. 55), and Defendant filed two objections on April

11, 2023. (ECF No. 57.) The government responded on April 17, 2023. (ECF No. 58.) For the reasons set forth below, Defendant's objections (ECF No. 57) are overruled, the R&R (ECF No. 54) is adopted, and Defendant's motion to suppress (ECF No. 34) is denied.

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley*

*v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

As noted, Defendant filed two objections to the R&R recommending the denial of her motion to suppress. In her first objection, Defendant argues that the R&R incorrectly concludes that she voluntarily waived her *Miranda* rights. In her second objection, Defendant argues that the R&R incorrectly concludes that she knowingly and intelligently waived her *Miranda* rights. Defendant's objections are discussed below.

3

### A. Defendant's First Objection

In her first objection, Defendant challenges the R&R's conclusion that she voluntarily waived her *Miranda* rights. (*See* ECF No. 57, PageID.211.) The R&R reaches this conclusion "particularly because there is no evidence of 'the necessary predicate' of law enforcement coercion." (ECF No. 54, PageID.196.) Defendant argues in her objection that "the Court *can* consider how law enforcement controlled the conditions of Defendant Bush's interview, including its length, the periods of isolation while detained, and Defendant's stated physical issues during this period, to determine whether police subjected Defendant Bush to coercive conditions which would render her waiver involuntary." (ECF No. 57, PageID.212 (emphasis added).) This argument is unaccompanied by a citation to legal authority. Defendant does not indicate in her objection that consideration of each of these factors is mandatory, nor does she explain how an analysis of the factors demonstrates a flaw in the R&R's conclusion that she voluntarily waived her *Miranda* rights.

As the government points out in its response to the objection, the R&R does consider the factual information that Defendant identifies in

4

her objection. (*See* ECF No. 58, PageID.223–224.) Regarding the length of the interview, the R&R discusses the events captured on the four-and-one-half-hour video recording of Defendant's time at Detroit Safety Headquarters (*see* ECF No. 54, PageID.179–187), and the R&R notes that the interview "lasted less than an hour." (*Id.* at PageID.193; *see id.* at PageID.195 ("[T]he interview only lasted for about an hour.").) With respect to "the periods of isolation while detained," another consideration identified by Defendant (ECF No. 57, PageID.212), the R&R notes the periods of time in the video recording during which Defendant was alone in the room at Detroit Safety Headquarters. (*See* ECF No. 54, PageID.179–187.) As for "Defendant's stated physical issues during this period," which Defendant believes should also be considered (ECF No. 57, PageID.212), the R&R states that

> during the interrogation, [Defendant] did not mention her high blood pressure or any other physical ailments. In fact, [Defendant] did not request either medical treatment or her blood pressure medication until a couple of hours after her interrogation ended. And while [Defendant] initially said that she needed to go to the hospital, when Sergeant [Christopher] Clark questioned her further about her medication, she confirmed that she did not need to go to the hospital but just needed her blood pressure medication. Further, although emotional at times, [Defendant] showed no signs of distress during the interrogation. A review of the

5

entirety of her interviews with Sergeant Clark and the officers from North Dakota fails to show any evidence of coercion.

(ECF No. 54, PageID.193–194; *see id.* at PageID.189.) In addition, the R&R notes that Defendant "testified that even though she was suffering from an intense headache and lack of sleep during the interview, she was nonetheless able to focus on the interview and concentrate on the questions she was being asked. She pushed her headache and sleepiness to the back of her mind." (*Id.* at PageID.194; *see id.* at PageID.189.) Thus, the R&R considers the factual information that Defendant argues "the Court can consider" in determining that Defendant's *Miranda* waiver was voluntary. (ECF No. 57, PageID.212.)

Defendant's first objection does not show that the R&R's analysis is improper or that the R&R contains a mistake. Defendant's first objection is therefore overruled.

### B. Defendant's Second Objection

In her second objection, Defendant disagrees with the R&R's conclusion that she knowingly and intelligently waived her *Miranda* rights. (*See id.* at PageID.212–213.) Defendant argues that

> the Court *can* consider Defendant Bush's "background, experience (or lack thereof), and conduct" to determine that

6

> she did not possess full awareness both of (1) the nature of the right being abandoned, and (2) the consequences of the decision to abandon it, and therefore did not knowingly and intelligently waive her *Miranda* rights.

(*Id.* at PageID.213 (emphasis added).) Defendant does not establish that consideration of each of the three factors listed in her objection—background, experience, and conduct—is required. Moreover, she does not show that an analysis of these factors is at odds with the R&R's conclusion that Defendant knowingly and intelligently waived her *Miranda* rights.

The R&R considers Defendant's background and conduct. The R&R discusses Defendant's testimony on her educational background (*see* ECF No. 54, PageID.188) as well as her conduct as reflected in the video recording and as described in the hearing testimony offered by Defendant and Special Agent Emily Munchiando. (*See id.* at PageID.179–190, 197.) The R&R notes that Defendant "was indisputably advised of her *Miranda* rights at the beginning of the custodial interview," agreed to waive them, indicated more than once that she understood her rights, stated that she can ask for an attorney at any time, and eventually requested an attorney. (*Id.* at PageID.197.) The R&R concludes that "[t]he record evidence demonstrates that

7

[Defendant] was apprised of her *Miranda* rights and that she understood how to invoke them." (*Id.*) Defendant does not demonstrate that this conclusion is incorrect, that the analysis in the R&R is flawed, or that consideration of Defendant's experience (in addition to considering her background and conduct) compels a different outcome.

Defendant's second objection does not identify an error in the R&R, and it provides no basis for the Court to reject the R&R's finding that Defendant knowingly and intelligently waived her *Miranda* rights. Therefore, Defendant's second objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court overrules Defendant's objections (ECF No. 57) and adopts the R&R. (ECF No. 54.) Defendant's motion to suppress (ECF No. 34) is denied.

IT IS SO ORDERED.

Dated: April 24, 2023　　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
